IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATRENA HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-1539-L |
| | ) |
| BANK ONE, N.A., | ) |
| | ) |
| Defendant. | ) |

**<u>O R D E R</u>**

Plaintiff Katrina Howard brings this action against defendant Bank One, N.A., alleging race discrimination in connection with her termination from her position as a bank teller for defendant's Oklahoma City (Quail Creek) branch. This matter is before the court on Plaintiff's Amended Motion to Compel **[Doc. No. 31]**. Defendant has filed a response to the motion which the court has carefully considered.

Initially, the court considers defendant's argument that plaintiff's motion is untimely. While Fed. R. Civ. P. 37 does not specify a time limit for filing a motion to compel, it has been held that a party seeking to compel discovery must do so in a timely fashion. *See* <u>Continental Industries, Inc. v. Integrated Logistics Solutions, L.L.C.</u>, 221 F.R.D. 442, 444 (N.D. Okla. 2002) (citation omitted). There is authority for the proposition that a party must file its motion to compel before discovery cutoff. <u>Id.</u>, (citation omitted). Here, plaintiff was served with

defendant's objections to the pertinent discovery requests on July 13, 2005. The discovery cutoff was August 1, 2005 and plaintiff's motion was not filed until August 18, 2005, more than two weeks after discovery cutoff and more than a month after the allegedly deficient responses were served. Under the circumstances presented, the court believes that plaintiff's motion could be considered untimely. However, noting the limited nature of the remaining disagreement between the parties, and in light of the November 2005 trial setting, the court will exercise its discretion and consider the motion on its merits.

According to the Amended Motion, defendant has agreed to produce information responsive to plaintiff's Interrogatory Nos. 8 and 12 for the year 2004 only and has limited identification of other bank tellers to the corporate region which encompasses the Quail Creek branch. This region is identified as the Oklahoma City North District. Defendant states that because plaintiff's discrimination complaint is focused on the actions of her supervisor, Teresa Wiggins, occurring on and after May 24, 2004, through the date of her termination on July 15, 2004, disciplinary actions taken by other supervisors in other branches, in the years 2000 to 2003 and 2004 are irrelevant and production of the requested information would place an undue burden on defendant. In contrast, plaintiff seeks the identification of all such tellers for the time period including plaintiff's term of employment to the present (2000 to 2005) and for the entire State of Oklahoma. Plaintiff asserts that the requested information will aid

in establishing that defendant's asserted basis for plaintiff's termination was a pretext because it will identify persons in a position similar to plaintiff who have arguably been treated differently than the plaintiff.

It is true that a plaintiff may show pretext by providing evidence that she was treated differently from other similarly situated, nonprotected employees who violated work rules of comparable seriousness. <u>Kendrick v. Penske Transportation Services, Inc.</u>, 220 F.3d 1220, 1232 (10th Cir. 2000). However, a "similarly situated" employee is one who deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline. <u>Id.</u> The court generally agrees with defendant that information regarding discipline or termination decisions related to employees who did not report to plaintiff's supervisor would not appear to be relevant, since these employees would not be considered to be "similarly situated" to plaintiff. However, the court notes that defendant acknowledges that Teresa Wiggins, plaintiff's supervisor, began working at the Quail Creek branch in October of 2003. Thus, it would appear that defendant should be required to provide plaintiff with information going back to the date that Teresa Wiggins began working at the Quail Creek branch, rather than for the year 2004 only. Based upon the limited information before the court, it appears that discovery of information from the time period before Ms. Wiggins became plaintiff's supervisor would not be relevant to any pretext determination. Since plaintiff was terminated in 2004, the court agrees

that information from the year 2005 would be irrelevant.  Therefore, the court finds that plaintiff's Amended Motion to Compel **[Doc. No. 31]** should be and is hereby **GRANTED** as follows: To the extent not already provided, defendant is ordered to produce the requested information in Interrogatory Nos. 8 and 12 for tellers employed in the branches within the Oklahoma City North District for the period of October, 2003 through December, 2004.  The information required by this order is to be produced to plaintiff **as soon as possible but no later than October 24, 2005.**  Plaintiff's original Motion to Compel **[Doc. No. 30]** is **MOOT.**

It is so ordered this 7th day of October, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge